IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

  v.

SHAPOUR MOTAMEDI, SHAYAN
MOTAMEDI, and HERIBERTO MOISES
LOPEZ,

          Defendants.

————————————————————/

No. CR 18-00554  WHA

**ORDER RE MOTION TO
DISMISS INDICTMENT**

## INTRODUCTION

In this criminal action for conspiracy to pay and receive healthcare kickbacks, defendants move to dismiss the indictment.  For the following reasons, the motion is **DENIED**.

## STATEMENT

The California Medical Assistance Program is a program that provides below-cost healthcare to certain individuals.  The Medi-Cal program includes a program known as Family PACT that provides funding for a limited suite of family planning-related services such as contraceptive methods and treatment of certain sexually transmitted diseases.

In November 2018, an indictment charged defendants Shapour Motamedi, Shayan Motamedi, and Heriberto Moises Lopez with violating 18 U.S.C. § 371 which states, "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.  If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such

1  conspiracy shall not exceed the maximum punishment provided for such misdemeanor." The

2  indictment specifically charges defendants with a conspiracy to pay and receive health care

3  kickbacks in violation of the following anti-kickback statutes: 42 U.S.C. § 1320a-7b(b)(1)(B)

4  and § 1320a-7b(b)(2)(B).

5      The indictment alleges that around at least October 2015 to October 2018, defendants

6  Shapour and Shayan operated a company called MegaMed Clinical Laboratories. Defendant

7  Lopez acted as an intermediary between doctors and clinics and MegaMed. As part of the

8  conspiracy, defendants paid kickbacks to representatives of medical clinics in exchange for

9  clinics sending specimens to MegaMed for payment. Defendants offered representatives either

10  a percentage of Medi-Cal's reimbursement for tests or a fixed fee per specimen. The indictment

11  alleges multiple specific instances in which Shapour or Shayan paid or corresponded with

12  individuals in furtherance of the kickback conspiracy.

13      In August 2019, defendants filed a motion to dismiss the indictment pursuant to Federal

14  Rules of Criminal Procedure 12(b)(1) on the grounds that the anti-kickback statutes the

15  indictment is based on are unconstitutionally vague and violate the non-delegation doctrine, and

16  accordingly, because a conspiracy crime requires an agreement to violate the law, the charges

17  cannot stand. The government opposes.

**ANALYSIS**

19      In determining whether a law is unconstitutionally vague, courts will look to whether the

20  law: "(1) involved only economic regulation, (2) contained only civil, not criminal penalties, (3)

21  contained a scienter requirement, which might mitigate any vagueness, and (4) threatened any

22  constitutionally protected rights statute must give a person of ordinary intelligence adequate

23  notice of the conduct it proscribes." *Village of Hoffman Estates v. The Flipside*, 455 U.S. 489,

24  498 (1982). A statute must give a person of ordinary intelligence adequate notice of the

25  conduct it proscribes. *Cal. Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 571 (9th Cir.

26  2018)

27      Defendants support their argument that the anti-kickback statutes are unconstitutionally

28  vague without any citations to the statutory language, but rather with a conclusory statement

2

that a reading of the safe harbor statute as well as the opinions and special fraud alerts issued by the Office of the Inspector General "does not give an ordinary person fair warning about what the law demands" and that Congress "shirked its responsibility to clearly write what conduct is proscribed in regards to the anti-kickback statutes." Contrary to this assertion, the anti-kickback statutes are not vague under *Davis* or *Hanlester*. The anti-kickback statutes regulate only economic conduct and do not chill any constitutional rights. Although they allow for criminal penalties, they also require "knowing and willful" conduct, a requirement which mitigates any vagueness in the statutes. *Hanlester Network v. Shalala*, 51 F.3d 1390, 1397–98 (9th Cir. 1995). Furthermore, unlike *United States v. Davis* where it was unclear whether Congress intended for the statute to impose additional punishment under the residual clause, Congress's intent under the anti-kickback statutes is clear, and amendments regarding the manner of implementation and promulgation of safe-harbor regulations have added even further clarity. 139 S. Ct. 2319 (2019); *see e.g.* 42 U.S.C. § 1320a-7c.

Relatedly, defendants' other argument is that Congress has unconstitutionally delegated the power to define a crime in the anti-kickback statutes to the Office of the Inspector General and Attorney General. Congress may delegate its legislative power to an agency as long as it provides an intelligible principle to which the person or the body authorized is directed to conform. *Mistretta v. United States*, 488 U.S. 361, 372 (1989) *(quoting J.W. Hampton, Jr. & Co. v. United States*, 276 24 U.S. 394, 409 (1928). The "delegation is permissible if Congress has made clear to the delegee 'the general policy' he must pursue and the 'boundaries of [his] authority.'" These standards are not demanding. *Gundy v. United States*, 139 S. Ct. 2116, 2129 (2019).

In 1977, Congress enacted the Medicare-Medicaid Anti-fraud and Abuse Amendments which prohibited (1) the solicitation or receipt of any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind, in return for referrals, and (2) the offer or payment of such remuneration to induce referrals. Pub. L. 95-142 § 1877(b)(1). Subsequently in 1987, Congress enacted the Medicare and Medicaid Patient and Program Protection Act which consolidated the anti-kickback laws and importantly required the

Secretary of the Department of Health and Human Services in consultation with the Office of the Inspector General to issue safe harbor regulations specifying payment practices that are not subject to criminal prosecution under the anti-kickback statutes. 42 U.S.C. § 1320a-7(b)(7). In 1996, as part of the Health Insurance Portability and Accountability Act (HIPPA), the Secretary was directed to, among other things, conduct investigations, audits, evaluations, and inspections relating to the delivery of and payment for health care in the United States with the OIG and the Secretary General. *Id.* at § 1320a-7c(a)(1). Section 205 of the same act also provides numerous criteria for the Secretary to consider in establishing safe harbor laws. *Id.* at § 1320a-7d(a)(2).

In supporting their argument, defendants cite again to *Davis,* which applies a vagueness analysis on the residual clause definition of a violent felony and is not relevant here. 139 S. Ct. at 2319. They also cite to the dissent in *Gundy* for the proposition that vague laws violate the nondelegation doctrine. 139 S. Ct. at 2134. The dissent in *Gundy* is not binding. Defendants argue that "a reasonable observer would add Justices Alito and Kavanaugh to constitute a five justice majority." This does not change the fact Justice Kavanaugh took no part in the consideration or decision of the case and that Justice Alito concurred in the judgment in *Gundy*.

Because the anti-kickback laws are not vague, and as the government argues, the legislative history and statutory language behind the laws here suggest that Congress laid out an intelligible principle and a general policy that manifests Congress' dual policy objectives: (1) to strengthen the Secretary's ability to combat fraud and abuse within the Medicare-Medicaid system, and (2) to assure health care providers that they will not be subject to the statutes' criminal penalties for engaging in particular practices, the anti-kickback laws do not provide a principal or policy in violation of the non-delegation doctrine and the motion to dismiss the indictment is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 16, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE